Battle, J.
 

 Tbe statute of 1850, ch. 1, enacts that “if either of the parties to a trial before a Justice of the peace shall be dissatisfied with the judgment given thereon, bemay appeal, either to the next term of the Court of Pleas and (Quarter Sessions of his county, or to the next term of the Superior Court, at the option of the party :
 
 provided,
 
 sufficient security be given, as now prescribed by law.” The plaintiff in the
 
 recordari
 
 had, by virtue of the statute, an undoubted right to appeal to the Superior Court of Law from tbe judgment given against him by the Justice on the 16th of August, 1851. Of this right the Justice had no authority to deprive him ; but he did, under a mistake of the law, attempt to deprive him of it, by entering upon the judgment an appeal to the County Court. Whether, upon discovering his mistake, the Justice had the power, in the absence and without the consent of the other party, to change the direction of the appeal, by striking out the word “ County,” and inserting the word “ Superior,” so as to carry the appeal to the latter Court, it is unnecessary to decide. The act of the Justice, certainly, we think, vacated the appeal to the County Court; because, after the word “ County” was erased, there was nothing in the papers to show that the County Court could entertain it • and had tbe magistrate returned it there, tbe County Court would have been compelled to dismiss it. After the erasure, the appeal was either properly to the Superior Court, or it was made void by the act of the magistrate. If it were properly to the Superior Court, then that Court ought not to have dismissed it; but, having dohe so, the appellant was entitled to the writ of recordari, as the only remedy then open to him ; and in such case, it is not pretended, as indeed it could not be, that the judgment of dismission would be a bar to this remedy.
 
 Bond
 
 v.
 
 McNider,
 
 3 Ire. Rep. 440. If the act of the Justice in erasing the word “ County,” and inserting “ Superior,” vacated the appeal altogether, it proceeded
 
 *474
 
 from a mistake of that officer, and could not prejudice the appellant ; for, though done at his instance, he certainly did not intend to withdraw, or in any way deprive himself of his appeal. In such case, we think, he would also be entitled to the benefit of a writ of
 
 recordari;
 
 so that, whether upon the return of the appeal to the Superior Court, that Court rightfully or wrongfully dismissed it, the appellant became entitled to this writ, in order that he might avail himself of the right which the law gave him, of having his cause tried and determined in the Superior Court. There was no error in the order appealed from, arid it must be affirmed.
 

 Per Curiam. Judgment affirmed.